IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05-cv-4189-GPM |
| ) | |
| HAL D. HICKS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is Plaintiff's Motions to Compel (Doc. 18), filed on July 18, 2007. For the reasons set forth below, this motion is **GRANTED**, and Defendant is ordered to answer the interrogatories and produce the documents requested.

### BACKGROUND

A scheduling order was entered in this action on January 30, 2007 (Doc. 15). Pursuant to this order, Plaintiff, the United States of America, was to file its initial interrogatories and requests for document production by March 31, 2007. Plaintiff did serve upon Defendant Hal D. Hicks these interrogatories and requests on March 30, 2007. Under the Federal Rules of Civil Procedure, the party upon whom interrogatories are served shall serve the answers or objections within 30 days, and the party upon whom a document request is served shall serve a written response thereto within 30 days. See Fed. R. Civ. P. 33(b)(3); 34(b). On July 18, 2007, Plaintiff filed a Motion to Compel Defendant to answer the interrogatories and respond to the requests for production of documents pursuant to Fed. R. Civ. P. 33 and 34. Despite ongoing attempts to correspond with Defendant and Defendant's counsel, upon the date of the filing of this motion, the Defendant had not yet complied with these deadlines and had not yet responded to Plaintiff's discovery requests.

In response to the Motion to Compel (Doc. 20), Defendant contended that he had failed to comply with the Government's discovery requests because he was then incarcerated in the Federal Correctional Institution in Miami, Florida. Defendant claimed that he cannot answer the Government's extensive interrogatories and "voluminous" requests for production because the documents needed are located in the State of Illinois. Furthermore, to comply with the discovery requests, the Defendant himself would be required to be present in the State of Illinois to personally review the documents.

On November 13, 2007, the undersigned held a telephonic status conference at which both parties were represented by counsel. Defendant's counsel indicated that Defendant Hal D. Hicks had been released from prison, but is currently serving a term of supervised released, the terms of which do not allow him to leave his residence in the state of Florida.

## DISCUSSION

Under Fed. R. Civ. P. 37(a)(2)(B), a discovering party may make a motion to compel an answer to interrogatories or a request for documents so long as the movant certifies that he has, in good faith, conferred or attempted to confer with the party failing to make the discovery "in an effort to secure the information or material without court action."

Plaintiff has certified and demonstrated a good faith effort to confer with Defendant to resolve these discovery disputes, but Defendant either did not respond or was otherwise unable to complete the requests.

Accordingly, Plaintiff's Motion to Compel (Doc. 18) is **GRANTED**. Defendant Hal D. Hicks shall answer the interrogatories and produce the requested documents on or before **December 17, 2007**. If Defendant Hal D. Hicks does not respond on or before this date, he

**SHALL APPEAR IN PERSON** at a hearing before the undersigned on **January 16, 2008, at 2:00 P.M.**, in the federal courthouse in East St. Louis, Illinois, to **SHOW CAUSE** why he has failed to comply with Plaintiff's discovery requests.  *Defendant Hal D. Hicks shall take all necessary measures to comply with this order.*

**DATED:  November 16, 2007**

                                                                          s/ *Donald G. Wilkerson*
                                                                          **DONALD G. WILKERSON**
                                                                          **United States Magistrate Judge**