**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 05-4189-GPM |
| HAL D. HICKS, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter was set for a hearing on Defendant's motion to dismiss on April 28, 2008, but the hearing was canceled at the request of Defendant's counsel because he was ill. Having reviewed the papers, the Court will now rule without a hearing.

This is an action brought by the United States pursuant the False Claims Act, 31 U.S.C. § 3729-3733. In short, the Government alleges that Defendant, Hal D. Hicks, submitted false claims and statements to the United States Postal Service ("USPS"). Hicks owns or has owned, either completely or partially, several trucking companies which haul the United States mail across the country. The Government alleges that Hicks failed to disclose discounts his companies received for fuel and because of this, the USPS paid the companies more than they were entitled to receive.

Hicks moves to dismiss the Government's complaint on the basis that the False Claims Act does not apply to the USPS. According to Hicks, the Government's sole remedy is to seek recovery of the funds with interest under 39 U.S.C. § 2605, a federal statute that allows the Attorney General to recover monies paid by the USPS due to fraudulent misrepresentation or mistake. The

Government filed a timely response in opposition to the motion.

In ruling on a Rule 12(b)(6) motion a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. *See Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 419 (7th Cir. 1993). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See First Ins. Funding Corp. v. Federal Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). Moreover, the claimant must set forth sufficient information to outline the elements of the claims or to permit inferences to be drawn that the elements exist. *See Strauss v. City of Chicago*, 760 F.2d 765, 767-68 (7th Cir. 1985) (the absence of any facts to support a plaintiff's claim renders the allegations of a complaint mere legal conclusions subject to dismissal). *Cf. Gilmore v. Southwestern Bell Mobile Sys., L.L.C.*, 224 F. Supp. 2d 1172, 1175 (N.D. Ill. 2002) ("[I]n the complaint itself, it is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief . . . . However, in response to a motion to dismiss that raises the issue, a plaintiff must identify the legal basis for a claim and make adequate legal arguments in support of it.").

Hicks first argues that the Postal Reorganization Act expressly exempts the USPS from the False Claims Act. Section 410(a) of Title 39 provides that "no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds . . . shall apply to the exercise of the powers of the Postal Service." Hicks points to Congress's objective to make the USPS run more like a private company than a government agency. While that is true, the USPS is still a federal agency. The Seventh Circuit and other courts have "recognized the quasi-commercial

nature of the Postal Service on several prior occasions . . . [but no] court has ever held that the Postal Service is anything other than a federal agency." *Baker v. Runyon*, 114 F.3d 668, 670 (7th Cir. 1997). As the Seventh Circuit explained in *Baker*,

> Congress may have vested the Postal Service with significant powers in order to increase its independence and autonomy, but it also provided that the Postal Service is part of the executive branch of government, that its employees are part of the federal civil service, and that it possesses certain powers unique to governmental entities, such as the authority to exercise the power of eminent domain in the name of the United States.

*Id.* at 670-71 (citations omitted).

Moreover, the Court need not go further than the plain language of the False Claims Act, which provides:

> (a) Liability for certain acts.--Any person who–
>
> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
>
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
>
> (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;
>
> (4) has possession, custody, or control of property or money used, or to be used, by the Government and, intending to defraud the Government or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;
>
> (5) authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

> (6) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge the property; or
>
> (7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,
>
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . .

31 U.S.C. § 3729(a). There is no exception for the USPS in the plain terms of the False Claims Act. The Act speaks of claims to the United States Government, and the USPS is part of the Executive Branch. Hicks has not cited to even one case which holds that claims to the USPS are exempt from the Act's coverage.

Hicks further argues that USPS funds are not "Government Funds" so the False Claims Act does not apply because the Act applies only to claims against the government fisc. But the Seventh Circuit rejected a similar argument in *Baker* when it held that the Postal Service was a "government agency" exempt from punitive damages in Title VII cases.

> Although the Postal Service is a 'self-funding' entity, this is not to say that it is divorced from the United States Treasury. The Postal Service is self-funding only in the sense that Congress has appropriated to it all of the Postal Service's own revenues. It nevertheless is 'operated as a basic and fundamental service provided to the people by the Government of the United States.'

*Baker*, 114 F.3d at 672 (citations omitted). This reasoning applies to a claim under the False Claims Act. In light of the foregoing, Hicks's motion must be denied.

Finally, the Court has also reviewed the Government's motion for leave to take the depositions of Cindy Bridwell, Janie Ensminger, and Pam Mason (Doc. 38). Hicks did not respond.

The motion is **GRANTED**. These depositions shall be completed on or before **Friday, May 30, 2008**.

Defendant's motion to dismiss (Doc. 31) is **DENIED**. This matter is set for a final pretrial conference on **Monday, June 2, 2008, at 10 a.m.** A firm trial date will be assigned at that time.

**IT IS SO ORDERED.**

DATED: 5/5/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge